IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60639
Summary Calendar
_____

JAMES NORRIS WALKER,

                                        Plaintiff-Appellant,

versus

JIMMY MCGUIRE;
HERMAN COX,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CV-90-Br-R
- - - - - - - - - -
April 8, 1997
Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    James Norris Walker, Mississippi state prisoner #76462, has

filed a motion to proceed in forma pauperis (IFP) on appeal.  The

motion to proceed IFP is GRANTED.  Although Walker is unable to

pay the initial financial filing fee, the agency having custody

of Walker is directed to forward payments from his account to the

_____

    [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

clerk of the district court each time the amount in Walker's account exceeds $10 until the filing fee is paid.

Walker argues that the district court abused its discretion in dismissing his complaint as frivolous because his counsel conspired with state officials to deprive Walker of his constitutional rights by testifying against Walker at his criminal trial.

The district court dismissed the complaint as frivolous pursuant to Heck v. Humphrey, 114 S. Ct. 2364 (1994) because it determined that Walker's allegations called into question the validity of Walker's conviction. We have reviewed the record and have determined that Walker's limited allegations do not demonstrate whether Walker was convicted at the trial during which counsel testified or, if so, whether Walker is presently incarcerated as a result of such conviction.

Walker's allegations that his counsel conspired with state actors to deprive him of a constitutional right are not totally baseless or delusional. The district court abused its discretion in dismissing Walker's complaint as frivolous at this stage of the proceeding. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). We intimate no view as to the ultimate merits of this claim. We hold merely that on the record before us we cannot conclude that this claim has no arguable basis either in law or in fact. The district court's judgment is VACATED and the case

is REMANDED for further development of Walker's claims consistent with this opinion.

IFP GRANTED; VACATE AND REMAND.